# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Anyiam Anyanwu, | Case No. 20-CV-0898 (DSD/TNL) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Board of Immigration Appeals, | |
| Respondent. | |

In 2018, petitioner Anyiam Anyanwu filed a petition for a writ of habeas corpus challenging an order of removal of the Board of Immigration Appeals ("BIA") and a decision of the BIA not to reopen removal proceedings. *See generally Anyanwu v. Board of Immigration Appeals*, No. 18-CV-0707 (NEB/TNL), 2018 WL 5660158 (D. Minn. Sept. 27, 2018), *adopting report and recommendation*, 2018 WL 5635116 (D. Minn. Oct. 31, 2018).[1] This Court explained to Anyanwu in that proceeding that "[t]o the extent Anyanwu seeks to challenge the deportation order, the BIA's decision denying his motion to reopen his deportation proceedings, or any other immigration decision, this federal district court lacks jurisdiction." *Id*. at *3. Decisions regarding orders of removal and whether to reopen removal proceedings are determined first administratively (with the BIA at the apex of the administrative-review structure), and then proceed directly to the appropriate court of appeals should the detainee intend to challenge a decision of the BIA.

---

[1] Additional details regarding the circumstances of Anyanwu's order of removal and subsequent detention are provided in this Court's Report and Recommendation in the prior habeas matter and will not be repeated here.

1

*See* 8 U.S.C. § 1252(a)(5).  Because it had appeared that Anyanwu had exhausted at least certain of his claims before the BIA, his earlier habeas petition was transferred to the United States Court of Appeals for the Eighth Circuit for consideration as an appeal from the decision of the BIA.  *See Anyanwu*, 2018 WL 5660158, at *3.

This matter is now before the Court on a new petition for a writ of habeas corpus of Anyanwu pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  *See* Petition [ECF No. 1].  In his most recent petition, Anyanwu argues that the still-pending removal order should be stayed or vacated due to his deteriorating health condition.  As just explained, though, this Court has no authority by which to decide whether immigration removal proceedings should be reopened.  That decision must be left to the BIA — and, should the petitioner be dissatisfied with the BIA's decision, to the Eighth Circuit.  Unlike last time, however, this Court will recommend dismissal of Anyanwu's habeas petition for lack of subject-matter jurisdiction instead of recommending transfer to the Eighth Circuit, because Anyanwu does not appear to have presented his most recent argument for reopening the immigration proceedings before the BIA.  Along with denial of the petition and dismissal of the action, all pending motions should be denied as moot.

One further point merits further mention: Near the end of the habeas petition, Anyanwu requests (in addition to his request that the immigration proceedings be reopened) that he no longer be held in custody at the Minnesota Security Hospital in St. Peter, Minnesota.  *See* Petition at 8.  Unlike claims regarding the correctness of decisions reached in immigration proceedings, claims regarding the legality of Anyanwu's

2

continuing detention *may* properly be raised before a federal district court in habeas corpus proceedings. Anyanwu's current detention, however, does not result from the immigration proceedings, but from state criminal or civil-detention proceedings. *See Anyanwu*, 2018 WL 5660158, at *1-2. But to the extent that Anyanwu seeks to challenge his ongoing detention (rather than the order of removal), he has not specified a basis on which that detention is unlawful; any challenge is overwhelmingly unlikely to be timely, *see* 28 U.S.C. § 2244(d); and the BIA would not be the proper respondent to the challenge, as the State of Minnesota and its agents (not the BIA) is responsible for Anyanwu's continuing detention. For those reasons, any claims related to Anyanwu's ongoing detention may also be denied without prejudice.

[Continued on next page.]

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. The petition for a writ of habeas corpus of petitioner Anyiam Anyanwu [ECF No. 1] be **DENIED WITHOUT PREJUDICE**.

2. Anyanwu's pending motions [ECF Nos. 2 & 3] be **DENIED AS MOOT**.

3. This action be **DISMISSED WITHOUT PREJUDICE**.

Date: May  13 , 2020

                                        *s/ Tony N. Leung*
                                        Tony N. Leung
                                        United States Magistrate Judge
                                        District of Minnesota

*Anyanwu v. Board of Immigration Appeals*
Case No. 20-CV-0898 (DSD/TNL)

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).